DI BLASI v. ARTALE et al.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. LIBEL AND SLANDER (§ 77*)—ACTIONS—JOINDER OF CAUSES.

An action for slander may be brought against several persons jointly, if the slander was uttered in pursuance of a common agreement among them.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 77.*]

2. LIBEL AND SLANDER (§ 80*) — JOINDER OF DEFENDANTS — SUFFICIENCY OF COMPLAINT.

In an action for slander, brought against several defendants jointly, it is not necessary to specifically allege a conspiracy among defendants to utter the slander.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 80.*]

3. LIBEL AND SLANDER (§ 100*)—ACTIONS—PROOF OF CONSPIRACY.

The fact that a slander is spoken by more than one conspirator does not negative the existence of a conspiracy to utter the slander, and under a complaint alleging that several defendants each uttered a certain slander concerning plaintiff it could be proved that the slander was uttered in pursuance of a common agreement among defendants.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 100.*]

Appeal from Kings County Court.

Slander action by Antonio Di Blasi against Giuseppe Artale and others. There was judgment sustaining a demurrer to the complaint, and judgment of dismissal, and plaintiff appeals. Reversed, with leave to defendants to plead over.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Hobart S. Bird, for appellant.

Jere. Liebermann, for respondents.

JENKS, J.: The action is slander, and the material part of the complaint is:

"That on or about the 3d day of December, 1908, at No. 152 Johnson avenue, in the borough of Brooklyn, county of Kings, city and state of New York, the defendants and each of them, in the presence and hearing of one Giovanni Buongirno and divers other persons, maliciously spoke concerning and of the plaintiff the following false and defamatory words in the Italian language: 'Tu sei ladro. Co hai rubato lire ottocento.' That said words meant, and were understood to mean by the persons then present and hearing the same: 'You are a thief. You have stolen from us 800 lire.'"

The demurrer is:

"The defendants above named, and each of them, demur to the complaint herein on the ground that causes of action have been improperly united, in that the plaintiff has joined in one action several and distinct causes of action against each defendant, alleged to have spoken the slanderous words mentioned in the complaint herein."

We think that the demurrer was not well made. The point of the demurrants is that an action for slander can be maintained against but one person. But since the judgment of the Court of Appeals in Green v. Davies, 182 N. Y. 499, 75 N. E. 536, this is not the rule in this state. The learned counsel for the respondents would limit the force of that judgment as a precedent in this case, in that the court in Green's Case, supra, but "indicates that there is a possibility" for holding several defendants for the slander, provided they procure the utterance, or the utterance was "in pursuance of a common agreement"; whereas, this complaint states that the slanderous words were spoken by each of them, and not by one person, either under procurement or under agreement. Cullen, C. J., in Green v. Davies, supra, while disavowing any suggestion that repetition of a slander is part of the original slander, says for the court:

"But if the two slanders were uttered in pursuance of a common agreement between the parties that such slanders should be uttered, then each is jointly liable with the other for their utterance, and separate causes of action for slander may be joined in the same complaint under section 484 of the Code."

It is true that in Green's Case, supra, there was specific allegation of conspiracy; but, as pointed out in that case (citing authorities), this was not essential. The fact that a slander is spoken by more than one conspirator does not negative the existence of the conspiracy to utter that slander.

In fine, I think that the plaintiff would be entitled under this complaint to prove that these slanders were uttered in pursuance of a common agreement, within the rule of Green's Case, supra, and hence that the judgment and the interlocutory judgment must be reversed, with costs, with leave to the defendants to plead on payment of costs. All concur.