DAVID SULLIVAN, Individually and as President of Local 32B, Building Service Employees' International Union, Plaintiff, *v.* WILLIAM F. McFETRIDGE, as President of Building Service Employees' International Union, Defendant.

Supreme Court, Special Term, New York County, September 18, 1944.

REARGUMENT of motion for injunction *pendente lite*.

*George Trosk* and *Aaron Benenson* for plaintiff.

*Sidney E. Cohn* and *Daniel W. Meyer* for defendant.

PECORA, J. Plaintiff moves for a reargument of his motion for an injunction *pendente lite* to enjoin defendant, its boards, committees, etc., from proceeding with the trial of certain charges against plaintiff. The motion for reargument is granted and upon such reargument the original decision denying the application is recalled. The court's opinion, rendered immediately after the argument of the original motion, clearly stated that the merits of the application had not been considered, but that the motion was being denied because most of the acts sought to be enjoined had apparently already been committed. It is presently shown, however, that the trial of the charges before the international board had not been concluded, nor had any determination thereof been made. Injunctive relief may therefore yet be effectual to prevent their consummation.

Plaintiff David Sullivan is the President of Local 32B, Building Service Employees' International Union (hereinafter referred to as Local 32B). He is also a vice-president and member of the executive board of the international union. Charges of a serious nature, involving acts of moral turpitude, had been preferred against him by some members of Local 32B. The executive board of the international union took cognizance of these charges and notified plaintiff Sullivan that a trial upon such charges would be heard on September 8, 1944, at the meeting of the executive board in New York. Much appears in the papers before me as to the failure to give adequate and proper notice. However, it is unnecessary to discuss this issue since a determination of the motion must rest upon the broader question of jurisdiction.

It is a familiar rule that courts will not interfere by injunction with the actions of unincorporated associations until the injury, such as suspension or expulsion, has occurred. (*Thomas* v. *M. M. P. Union,* 121 N. Y. 45; *Irvin Agency, Inc.,* v. *Hess,* 176 Misc. 56, affd. 261 App. Div. 935.) It is well established, too, that a member of an association should first exhaust his available remedies under the rules of his organization before seeking judicial intervention. However, these principles are subject to the significant exception that if the association is acting without jurisdiction, the court need not wait for the final outcome or the exhaustion of remedies before granting relief. (*Browne* v. *Hibbets,* 25 N. Y. S. 2d 573; *Werner* v. *Weber,* 197 App. Div. 326.) Thus, if the determination of the executive board after

bringing plaintiff to trial before the board would be void because of lack of jurisdiction, plaintiff may properly apply to the courts for equitable relief. (See *Local No. 7 of Bricklayers', etc., Union* v. *Bowen,* 278 F. 271; *Walsh* v. *Reardon,* 274 Mass. 530; *Amalgamated Society of Carpenters* v. *Braithwaite,* [1922] 2 A. C. 440; 7 C. J. S., Associations, § 34, pp. 81–82.)

I find that the executive board of the international has no original jurisdiction to try charges against the president of a local. It cannot be disputed that there is no provision in the constitution of the international that empowers the international to try a member or officer of a local. Its disciplinary jurisdiction is limited to the review on appeal of decisions reached by the trial boards of locals (art. X, § 3). The constitution of Local 32B provides for the trial of charges against members or officers of the local, including express provision as to charges against the president (art. IV, § 8; art. V, § 1). The decisions of the local trial board may be appealed to the general executive board of the international " in accordance with the constitution and by-laws of the International Union." It is ironic that defendant urges that plaintiff has not exhausted his remedies in the union when the procedure followed by defendant itself has made it impossible for plaintiff to be tried by the local in the first instance, as specifically provided for in the latter's constitution. Lacking jurisdiction to try Sullivan upon the charges, plaintiff is entitled to injunctive relief to prevent the irreparable injury which may result to him if the trial is permitted to proceed.

While this defect in jurisdiction amply justifies an injunction, this court is impelled to comment upon the vague and indefinite character of the charges preferred against plaintiff. In general terms serious accusations are made which include crimes cognizable under our Penal Law. Although a number of acts of larceny and extortion are charged, the written accusation contains not a word of times, places or persons concerned, to notify plaintiff of the particulars of the charges in order that he may properly prepare to meet them. To place any person on trial, where his character, reputation and livelihood depend upon the outcome, upon such vague and indefinite charges is a procedure wholly repugnant to American standards of fair play and justice. Charges should be framed to inform and not to conceal the facts upon which they are founded. The same criteria as to notice of the particulars of the charges used in our courts, should be followed in trials before associations or other tribunals when serious accusations are made, especially where they revolve around acts of moral turpitude.

In my opinion the charges upon which plaintiff has been brought to trial are so vague that they fail to give him that knowledge thereof necessary to enable him to prepare to meet them. In that respect plaintiff has been denied a fundamental right.

The motion for a temporary injunction is granted. Settle order.