ETHEL GOMEZ, Plaintiff, *v.* LOUIS ALTMAN et al., Defendants.

Supreme Court, Special Term, Kings County, July 3, 1947.

■■■■■■■■

*Pokorny, Schrenzel & Pokorny* for plaintiff.

*Bachrach, Bachrach & Bisgyer* for defendants.

F. E. JOHNSON, J. The plaintiff sues both defendants in one action but alleges a cause of action against each *separately*; each is for slander, but not on the same occasion. It is probable that for economy's sake the plaintiff brought one suit instead of bringing two; it seems obvious that these two defendants cannot be sued *separately* in one action under these circumstances.

She alleges against the first defendant, " for a first cause of action as to defendant Louis Altman " that he slandered her at various named times and places; that cause of action is plainly aimed only at him, even though in the fifth paragraph there is an " s " after the word " defendant ". Nowhere in the ten paragraphs constituting that first cause is there any suggestion that both defendants at the same time and place used the same words about her to the same people. It is possible to imagine a joint slander whereby more than one defendant joined in saying the same thing at the same time to the same people about the same person (*DiBlasi* v. *Artale,* 133 App. Div. 153) but these paragraphs constitute one cause of action and the dates are July 1, 1944, to May 29, 1947, between November 1, 1946, and May 1, 1947 (at 525 Grand Avenue), and on April 29, 1947 (at 120 Schermerhorn Street). The listeners were one tenant on one named occasion and several persons on another named occasion. These are really several causes of action in one.

She also pleads " for a second separate and distinct cause of action against defendant Martin Altman " that on May 14, 1947 (at a Magistrate's Court), he slandered her to several neighbors. Allegations necessary to show a slander are stated in each cause of action.

While it is permissible to join all who are *jointly* liable for a wrong, it is elementary pleading that they cannot be joined when the liability is *several;* there can be no union of causes of action at law which do not affect all of the defendants equally.

In the case cited by the plaintiff (*DiBlasi* v. *Artale,* 133 App. Div. 153, *supra*) the slander was evidently a *joint* accusation

since "the defendants and each of them, in the presence and hearing of * * * divers other persons * * * said * * * ' you have stolen from *us* eight hundred Lire ' '", obviously a *joint slander*.

In *Green* v. *Davies* (182 N. Y. 499) the actual slanderer was joined with the principal who procured the slander to be uttered and they were sued jointly, but there is no hint in this complaint of any conspiracy, or the relation of principal and agent between the defendants. The motion is not based upon an affidavit so it is not permissible to read an opposing affidavit.

Granted to the extent of striking out one cause of action. The first cause of action is properly pleaded; the second is wrongly joined to it, so the offense is in joining the second cause of action. It is logically the one to be struck out, but the plaintiff has the choice even though the defendants desire to have the first cause of action struck out. Settle order on notice.