ROBERT SCHRANK, Individually and as President of Manhattan and Bronx Lodge No. 402, International Association of Machinists, et al., Plaintiffs, *v.* HARVEY W. BROWN, Individually and as President of Grand Lodge of the International Association of Machinists, et al., Defendants.

Supreme Court, Special Term, New York County, August 12, 1948.

*Hyman N. Glickstein, Daniel W. Meyer* and *Jerome B. Lurie* for plaintiffs.

*Jerome Y. Sturm* and *Abraham Fishbein* for Harvey W. Brown, individually and as president of Grand Lodge of the International Association of Machinists, and another, defendants.

NULL, J. The charges filed against the plaintiff, Lodge No. 402, are declared to be based upon the disciplinary provisions contained in article XXIV of the constitution of the Grand Lodge. However, article XXIV, by its terms, limits itself to disciplinary action against members. Section 1 authorizes action against " any member or members of any district or local lodge ". Section 2 provides for proceedings against " any member or members of any local lodge," while section 3 deals with the expulsion of " any member guilty of joining or participating in any dual organization." Provisions for disciplinary proceedings against members, however, furnish no basis for action against a lodge. While a lodge may be subject to disciplinary proceedings pursuant to the provisions of section 5 of article IV of the constitution, it is conceded that the present charges are not predicated on any of the grounds there specified. The constitution of an unincorporated association is a contract defining the rights and duties of the officers, members and constituent bodies of the association. Unless disciplinary proceedings are authorized against a lodge by the terms of the constitution and by-laws, there can be none (*Polin* v. *Kaplan,* 257 N. Y. 277). Jurisdiction being wanting, the court may intervene to prevent the trial (*Sullivan* v. *McFetridge,* 183 Misc. 106, affd. 268 App. Div. 962).

In the circumstances, it becomes unnecessary to determine whether the circular letters upon which the charges are founded fall within the purview of fair criticism. The motion is granted to the extent of permitting the plaintiff to serve its supplemental complaint within ten days after the entry of the order herein

and, pending the determination of trial, enjoining the defendants from proceeding with the trial of the charges filed under date of July 6, 1948. Let it be noted that this determination has no reference to the general merits of the pending controversy and is not to be construed as reflecting upon the good faith of any of the parties. Settle order.