ROBERT SCHRANK, Individually and as President of Manhattan and Bronx Lodge No. 402, International Association of Machinists, et al., Plaintiffs, *v.* HARVEY W. BROWN, Individually and as President of Grand Lodge of the International Association of Machinists, et al., Defendants.

Supreme Court, Special Term, New York County, January 28, 1949.

*Hyman N. Glickstein* and *Daniel W. Meyer* for plaintiffs.

*Jerome Y. Sturm* and *Abraham Fishbein* for defendants.

BENVENGA, J. In this action in equity, plaintiffs seek to nullify the disciplinary action taken against them at the convention of the Grand Lodge of the International Association of Machinists held in September, 1948, and to enjoin and restrain defendants from enforcing or giving any effect thereto. The questions presented are (1) whether the charges against plaintiffs specify disciplinable offenses under the constitution of the Grand Lodge or the constitution for local lodges; (2) whether this court has adjudicated that the statements contained in the circular letters upon which the charges are based do not constitute disciplinable offenses; (3) whether the Grand Lodge, in convention assembled, had authority or jurisdiction to try plaintiffs for the offenses charged against them; and (4) whether, assuming the convention had authority or jurisdiction, plaintiffs were given adequate notice of the charges and a reasonable opportunity to prepare for trial.

(1) It is a disciplinable offense, punishable by fine or expulsion, or both, for "any member or members" of any local lodge to circulate or cause to be circulated "any false or malicious statement reflecting upon the private or public conduct, or falsely or maliciously attacking the character, impugning the motives, or questioning the integrity" of any officer of the Grand Lodge, or officer or member of any local lodge (Grand Lodge const., art. XXIV, § 1), or to violate the provisions of the constitution of the Grand Lodge or the constitution for local lodges (Grand Lodge const., art. XXIV, § 2). It is also a disciplinable

offense, punishable by revocation of its charter, for a local lodge to violate the provisions of the constitution of the Grand Lodge or the constitution for local lodges (Grand Lodge const., art: XXIV, § 5).

The charges, preferred by the international president, are based upon five circular letters, dated respectively April 10 and 30, May 12 and 28, and June 22, 1948. The letters, written upon the letterheads of Local 402, are subscribed by its recording secretary. One of these letters (dated April 10, 1948) embodies a resolution adopted at a regular meeting of the local, protesting the action of the international president in suspending Schrank as its president " without charges and without any hearing whatsoever." Another letter (dated May 28, 1948) contains the reply made by Schrank to the letter of suspension.

Read in the light of the letter of suspension, the statements contained in the circular letters, if false and malicious, might justify triers of the facts in finding that, in circulating them, the member or members responsible therefor violated section 1 of article XXIV of the Grand Lodge constitution, in that (as charged by the international president) they " reflected upon my personal, private, public and official conduct, * * * attacked my character, impugned my motives, and attacked my integrity " as an officer of the Grand Lodge.

(2) The contention that this court, on the motions for temporary injunctions, adjudicated that the statements contained in the circular letters do not constitute disciplinable offenses is untenable.

The first of these motions came on for hearing shortly after April 7, 1948, the date of the letter of suspension. In that letter, the international president notified Schrank that, for the reasons expressed therein, he had determined to suspend him as president of the local. Then, as has been pointed out, at a regular meeting of the lodge, the resolution embodied in the circular letter of April 10th was adopted. Thereafter, the international president addressed a letter to the officers of the lodge notifying them that he had ordered defendant Newman, as vice-president of the Grand Lodge, to " direct and supervise " the local and requested them to co-operate with Newman. Plaintiffs then moved for the injunction. The question presented involved the construction of section 5 of article IV of the Grand Lodge constitution. That section, so far as pertinent, empowered the international president to direct and supervise local lodges, and gave him " full authority " to suspend individual members or local

lodges "for incompetency, negligence, insubordination, or other failure to properly perform their duties as members of this organization," or for violations of the provisions of the constitution of the Grand Lodge or the constitution for local lodges (Grand Lodge const., art. IV, § 5). In granting the temporary injunction, the court ruled that the letter of suspension failed to disclose any violation of that section of the constitution (*Schrank* v. *Brown,* 192 Misc. 80).

Subsequently, the international president preferred charges against the lodge, accusing it of having issued the circular letters in violation of section 1 of article XXIV of the Grand Lodge constitution (quoted *supra*). Plaintiffs again moved for a temporary injunction and this court held that that provision of the constitution merely authorized action against "any member or members" of a local lodge, but that it furnished "no basis" for action against the local; that, while a lodge may be subjected to disciplinary proceedings pursuant to the provisions of section 5 of article IV of the constitution, the charges complained of were not founded upon any of the grounds there specified (*Schrank* v. *Brown,* 192 Misc. 603).

It is true that, on the first motion, this court, in commenting on the order directing the "taking over" of the lodge, said, very properly, that "fair criticism" is the right of members of a union, and that neither the lodge nor its members may be disciplined therefor (192 Misc. 80, 82–83). With that observation I agree. But that ruling was not intended as an adjudication that the statements complained of did not constitute a violation of section 1 of article XXIV of the constitution, for that question was not involved on the first motion. And while the question was presented on the second motion, this court expressly pointed out that, in view of its decision, it was unnecessary "to determine whether the circular letters upon which the charges are founded fall within the purview of fair criticism", and that its determination "has no reference to the general merits of the * * * controversy" (see 192 Misc. 603, 604–605).

(3) The remaining question is whether the Grand Lodge, in convention assembled, had jurisdiction to try the plaintiffs, or either of them, for the offenses charged against them; namely, for a violation of section 1 of article XXIV of the constitution, in circulating the alleged false and malicious statements.

In determining this question, it is to be observed that, by express constitutional provision, charges against a local lodge are triable before the executive council (Grand Lodge const., art. IV, § 5), and charges against an individual member are

triable before a committee of his local lodge (Grand Lodge const., art. XXIV, § 4, local lodges const., art. K, §§ 1-8) ; that if the local lodge fails or refuses to proceed against a member, he is triable before the executive council (Grand Lodge const., art. XXIV, § 5).

It is also to be observed that, by express constitutional provision, appeals may be taken from a decision of a trial committee of a local lodge to the international president (local lodges const., art. K, § 9) ; from a decision of the international president to the executive council, and from a decision of the executive council to a convention of the Grand Lodge or to the membership at large by submission through referendum (local lodges const., art. K, § 9; Grand Lodge const., art. XXIV, § 6). Moreover, no appeal can be taken to the civil courts, unless all rights of appeal under the constitution shall have been exhausted (Grand Lodge const., art. XXIV, § 6; local lodges const., art. K, § 10; see *Havens* v. *King,* 221 App. Div. 475, 480, affd. *sub nom. Havens* v. *Dodge,* 250 N. Y. 617; *Moyse* v. *New York Cotton Exch.,* 143 App. Div. 265, 268).

These provisions, it will be observed, clearly define the jurisdiction of a committee of a local lodge and that of the executive council to try an accused member or a local lodge. Comparing these provisions with those relied upon by defendants, it will be seen that, to say the least, they do not as clearly define the jurisdiction of the convention to try an accused member or a lodge.

The contention that such jurisdiction exists, according to defendants, is to be found in the following provisions of the constitution: that the Grand Lodge consists of the executive council and the delegates to the convention (Grand Lodge const., art. I, § 2), the executive council consisting of the international president, the general secretary-treasurer, and the nine general vice-presidents (Grand Lodge const., art. I, §§ 2-4; art. III, § 1); that the Grand Lodge, as so constituted, is the " supreme head " of all local lodges and, as such, is vested with the " government and superintendence " of such lodges (Grand Lodge const., art. I, § 3); that between conventions, " all executive and judicial powers " of the Grand Lodge are vested in the executive council (Grand Lodge const., art. I, § 4), upon which is conferred the power to remove any officer or officers of the Grand Lodge or any local lodge " for justifiable cause " (Grand Lodge const., art. III, § 2).

Clearly, none of these provisions expressly confers jurisdiction upon the convention to try an accused member or an

accused local lodge or any officer thereof. Nor can any such jurisdiction be implied from any express grant of power under the rule that, where a constitution confers a power or enjoins a duty, it also confers by implication all powers that are necessary for the exercise of the one or for the performance of the other (*Matter of Fraser* v. *Brown,* 203 N. Y. 136, 143; *Matter of Newton* v. *Lewis,* 118 Misc. 382, 389). Moreover, such jurisdiction cannot be implied from the "inherent right" of an association to expel a member for a gross breach of his obligation to support loyally the proper purposes of the association (*Polin* v. *Kaplan,* 257 N. Y. 277, 282–283, 7 C. J. S., Associations, § 25, pp. 59–60; 63 C. J., Trade Unions, § 51); for, in the instant case, the gist of the charges was that the plaintiffs had slandered the international president and not the association (*Polin* v. *Kaplan,* pp. 284–285, *supra*).

Nor can such jurisdiction be implied from the "inherent right" of a deliberative assembly to make and enforce its own laws and punish any offending member (Grand Lodge const., art. XVII, § 11; Roberts' Rules of Order, §§ 72, 75); for these rules apply only in cases not otherwise provided for (Grand Lodge const., art. XVII, § 11). Here, the constitution specifically vests jurisdiction in tribunals other than the convention. Finally, the conclusion that the convention was without trial jurisdiction is strengthened when it is considered that the constitution expressly provides that "all authority and power not specifically delegated to the officers in this constitution is reserved to the membership" (Grand Lodge const., art. XXVI, § 1).

It follows that, as the convention was without original jurisdiction to try an accused local lodge or any of its officers or members, the proceedings before the convention are void and the action taken by it without force and effect (*Polin* v. *Kaplan, supra; Sullivan* v. *McFetridge,* 183 Misc. 106, 107–108. affd. 268 App. Div. 962; *Schrank* v. *Brown,* 190 Misc. 603, 604, *supra*).

(4) It is contended that, assuming the convention had jurisdiction, the plaintiffs were not given adequate notice of the charges and a reasonable opportunity to prepare for trial. These are rights to which they were entitled (*Rodier* v. *Huddell,* 232 App. Div. 531, 533; *Sullivan* v. *McFetridge, supra;* 7 C. J. S., Associations, § 25, pp. 61–62). It is doubtful, to say the least, whether plaintiffs were accorded such rights. Indeed, Roberts' Rules of Order, upon which defendants rely, specifically provides that, without his consent, no member can be tried at the same meeting at which the charges are preferred, unless they relate to something done at that meeting (§ 75).

In justice to the defendants, it must be affirmed that the allegations in the complaint to the effect that the suspension of plaintiff Schrank was directed by the international president maliciously and in bad faith and in pursuance of a conspiracy to remove him from office and to deprive the members of his local of the right to be represented by officers of their own choosing, is without basis in the evidence.

Judgment is accordingly directed for plaintiffs. Settle judgment in accordance with this decision.