Max Rubinow, on Behalf of Himself and All Members of Brotherhood of Painters, Decorators and Paper Hangers of America, of District Council No. 9 for the Boroughs of Manhattan and The Bronx, Similarly Situated, Plaintiff, v. Harry Ladisky, as President, or Martin Rarback, as Secretary-Treasurer of District Council No. 9, Brotherhood of Painters, Decorators and Paper Hangers of America for the Boroughs of Manhattan and The Bronx, Defendant.

Supreme Court, Special Term, New York County, May 1, 1950.

*Solomon Surowitz* for plaintiff.

*Ashe & Rifkin* for defendant.

Pecora, J. Defendant is a labor union of painters and paper-hangers in the boroughs of Manhattan and Bronx. Plaintiff is a painter, a member of Local Union 51, one of the eleven or

twelve local unions affiliated with defendant. On January 25, 1950, defendant sent to each of its affiliated locals a notice containing a request that the members thereof vote on a referendum that each member of the union contribute five hours' work during the year for the establishment of a permanent organizing department. On March 1, 1950, it was announced that the referendum had been approved by a majority vote of the members. Defendant is a subordinate body of the Brotherhood of Painters, Decorators and Paperhangers of America which is an international labor organization affiliated with the American Federation of Labor. The general executive board of the brotherhood, which is the tribunal empowered by the constitution of the brotherhood to interpret its laws and those of its subordinate bodies, was appealed to to reject the referendum. On March 21, 1950, the general executive board rejected the appeals and held that the five hours' work contribution adopted by the membership was not a tax within the meaning of section 1 of article III, of the district council by-laws which provided: " There shall be no tax levied upon the membership except for a strike or lockout."

In this action plaintiff, suing on behalf of himself and others similarly situated, seeks judgment declaring null and void the referendum submitted to the affiliated local unions for votes of their members, and upon this motion asks for an injunction *pendente lite* restraining defendant from the implementation and execution of such referendum.

The main contention of movant is that a five-hour work contribution violates the constitutional provision against the levying of a tax, hereinabove set out. Since a challenge is made to constitutional power, the claim that plaintiff has not exhausted his remedies within the brotherhood will not prevent consideration by this court. (See *Sullivan* v. *McFetridge,* 183 Misc. 106, affd. 268 App. Div. 962.) However, this court is convinced that plaintiff has failed to make an adequate showing that the work contribution violates section 1 of article III, of the district council by-laws, and that it is a " tax " within the meaning of that section. Moreover, the interpretation of the general executive board, which is given the power to decide " all points of law arising under the jurisdiction of Brotherhood " (brotherhood constitution, § 64) should, and has received, great weight by this court in passing, *pendente lite,* upon plaintiff's contentions. Its decision, in upholding the work contribution as not constituting a tax, cannot be said to have been unreasonable, and should not lightly be ignored.

Furthermore, in a letter dated April 12, 1950, a copy of which is annexed to the opposing papers, the general president of the brotherhood speaking on behalf of the general executive board, explained the ruling made by the board on the appeal, and stated that the five hours' work which had been approved by the referendum was a " contribution and is neither mandatory nor compulsory." Since the contribution of five hours' work is not mandatory, it can hardly be termed a tax. The acquiescence by defendant in the ruling of the executive board that the contribution shall be on a voluntary basis, removes any ground for a temporary injunction.

Since plaintiff has failed to establish any clear right to relief on the main issue of the constitutionality of the work contribution, it is unnecessary to discuss any of the other grounds urged by defendant as requiring denial of injunction relief. The drastic remedy of a temporary injunction, which would impede defendant's organizing efforts until a trial of the action, cannot be granted upon the record presented to the court upon the present motion. The motion is in all respects denied.