CHARLES FANARA, Individually and as a Member, Secretary-Treasurer and Business Agent of Truck Drivers Union Local 693 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and on Behalf of All Members of Said Union, Plaintiff, v. INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Defendants.

Supreme Court, Special Term, Broome County, February 24, 1954.

*Richard A. Battaglini* for plaintiff.

*Joseph E. Finley* for defendants.

McAvoy, J. This is an application by plaintiff (hereinafter called the Local) for a temporary injunction pending the trial of this action for a permanent injunction, restraining the defendants (hereinafter called the International) from interfering with the conduct and affairs of the Local and directing that a trusteeship, heretofore established over the Local by the International, be removed.

On or about November 25, 1953, the general president of the International, under the broad powers vested in him by section 6-a of its constitution, took over the affairs of the Local, whose headquarters are located in Binghamton, and appointed the defendant Thomas L. Hickey, as trustee. Such action by the president was undertaken because he claimed to have information leading him to believe that a certain officer or officers of the Local had been guilty of misconduct in the management of the Local's affairs.

Upon the establishment of such trusteeship, the constitution of the International provides for a hearing, as follows: " that * * * upon the appointment of such temporary trustee the General President shall set a time and place for a hearing for the purpose of determining whether such temporary trusteeship shall forthwith terminate or continue, which hearing shall commence within thirty days after the appointment of such temporary trustee."

Pursuant to such provision, what purported to be a hearing was conducted on January 14, 1954. A transcript of the proceedings had thereon is before the court and it clearly reveals that no specific charges of any nature were made against the Local or its officers. Such transcript of the minutes merely indicates that — " Mr. Hickey said he had received complaints of a very serious nature involving employers doing business with the local union, which he intended to investigate thoroughly. He recommended that the local union continue under trusteeship."

It further states — " The complaints received by the General President are of a nature serious enough to warrant a thorough investigation in order to safeguard the best interests of the membership of the local union and of the International — and recommends that the trusteeship continue."

It therefore appears that at no time during the hearing nor at any other time was the nature of the charges made known to the Local or its officers. The statement "complaints of a very serious nature involving employers doing business with the local union" is so general in character that it afforded no opportunity to the plaintiffs or any officer of the Local to make any answer thereto or offer any explanation. They were confronted with no witnesses against them and were left completely in the dark regarding the complaints. By no stretch of the imagination could it be held that such a proceeding constituted a hearing.

The courts are loathe to interfere with the internal affairs or management of any union. When the Local became affiliated with the International, it agreed to abide by its constitution and by-laws. This was a promise based upon a contractual relationship, which should be adhered to by the Local as long as the International abided by the terms of its own constitution.

If the Local had been given a hearing which even approximated our American concept of natural justice and fair play, this court would not intervene — but would leave the parties to exhaust their remedies within their own organizations as provided by their constitutions and by-laws.

Where, however, as here, such a hearing is not given and the International acts in excess of its jurisdiction, the courts do not hesitate to intervene and grant relief.

In *Rodier* v. *Huddell* (232 App. Div. 531, 532), the court held: " The rule requiring that a member must exhaust his remedies within the organization before applying to a court of equity for relief is subject to the qualification that the suspension must have followed a legal and regular proceeding within the organization. Where the proceeding is irregular, the association acquires no jurisdiction to make the order and the person aggrieved thereby may seek redress by a direct appeal to the courts. (*People ex rel. Deverell* v. *M. M. P. Union,* 118 N. Y. 101, 108; *Kohler* v. *Klein,* 39 Misc. 353, 354.) Defendants did not go through even the form of a hearing." (See, also, *Sullivan* v. *McFetridge,* 183 Misc. 106, 107, affd. 268 App. Div. 962.)

It appears from the moving papers and the arguments advanced upon this motion that the action of the International has resulted in loss of membership to the Local, nonpayment of dues and initiation fees, and has seriously prejudiced negotiations pending and about to be commenced which involve important contracts, and that the position of the Local has continuously deteriorated since the establishment of the trusteeship. This

being so, irreparable harm may result to the plaintiff by reason of its continuance.

Even though the general charge of misconduct and mismanagement made against the Local and some of its officers may not be groundless, this court, in view of the procedure adopted by the International in failing to afford plaintiff a proper hearing, has no alternative but to intervene in the interests of justice and grant the relief demanded.

Therefore, plaintiff is granted a temporary injunction against the defendants in the respects asked on this motion upon the condition, however, that he post an undertaking in the amount of $10,000, pursuant to section 893 of the Civil Practice Act.