Joseph E. BARON et al., Plaintiffs,

v.

NORTH JERSEY NEWSPAPER GUILD, LOCAL 173, AMERICAN NEWSPAPER GUILD, AFL–CIO, Defendant.

Civ. A. No. 904–63.

United States District Court
D. New Jersey.

Nov. 27, 1963.

Vincent J. Apruzzese, Newark, N. J., for plaintiffs.

Kapelsohn, Lerner, Leuchter & Reitman, Irving Leuchter, Newark, N. J., for defendant.

MEANEY, District Judge.

The applicants for injunction seek to stay the Union from hearing charges made against them for instituting proceedings before the National Labor Relations Board. Under section 101(a) (4) of the Labor-Management Reporting and Disclosure Act (29 U.S.C.A. § 411(a) (4)), "(n)o labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency * * * Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof * * *."

■ The law sets no limitation except that, as this court interprets the above quoted language of the Labor-Management Reporting and Disclosure Act, the *court* may require the member to exhaust reasonable hearing procedures before instituting legal or administrative proceedings.

■ Under the circumstances of the case at bar, such a requirement would seem futile as it would amount to approval of the action of the Union which in effect seeks to discipline some of its members for exercising rights guaranteed by the Labor-Management Reporting and Disclosure Act itself. To say that the issuance of an injunction of the nature requested anticipates the action of the Union on the charges brought is of no avail for if the Union were to discipline the applicant by any means— fines, suspension, expulsion, or otherwise—it would be violative of section 609 of the Act (29 U.S.C.A. § 529); and if the Union were to take no disciplinary action, no harm is done.

The wording of the Labor-Management Reporting and Disclosure Act in section 101(a) (4) (29 U.S.C.A. § 411(a) (4)) is all inclusive and without limitation relevant herein except as hereinbefore noted. A member is protected by this

section against union limitation of his right to institute administrative proceedings "irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such * * * proceeding * * *." Infringement of these rights guaranteed to the members by the above quoted portions of sections 101(a) (4) and 609 of the Act (29 U.S.C.A. §§ 411(a) (4) and 529) is barred by section 102 of the Act (29 U.S.C.A. § 412) which authorizes this court to provide injunctive relief.

Let an order be submitted.