Joseph E. BARON and Melvin Lewis

v.

NORTH JERSEY NEWSPAPER GUILD, LOCAL 173, AMERICAN NEWSPAPER GUILD, AFL–CIO, Appellant.

No. 14764.

United States Court of Appeals Third Circuit.

Submitted Nov. 22, 1964.

Decided March 2, 1965.

---

* Sitting by designation.

**424**

Irving Leuchter, Kapelsohn, Lerner, Leuchter & Reitman, Newark, N. J., for appellant.

Joseph E. Baron, pro se.

Before HASTIE and FORMAN, Circuit Judges, and KIRKPATRICK, District Judge.

PER CURIAM.

By order of December 13, 1963, the United States District Court for the District of New Jersey granted appellees', Joseph Baron and Melvin Lewis, applica-

tion for an injunction against the appellant, North Jersey Newspaper Guild (Union) to prevent the intra-union prosecution of charges brought against them involving their conduct in instituting de-authorization proceedings before the National Labor Relations Board. A motion by the appellant for summary judgment to dismiss the complaint was denied in the same order. In its opinion upon which the order was based the District Court ruled that even though the issuance of the injunction anticipates the action of the Union, the law is so clear that union disciplinary action in this case would violate section 609 [1] of the Labor Management Reporting and Disclosure Act, that no harm is done by so enjoining the Union from trying Baron and Lewis.[2] The Union has appealed from the District Court's ruling.[3]

Without reaching the merits of the propriety of the Union's disciplinary action which may be taken in the future, we find that appellees' suit against the Union is premature, and that the complaint should have been dismissed. It is to be noted that in circumstances where relief from past union action is sought, courts have required the exhaustion of intra-union remedies except in those rare instances where a showing has been made that a union cannot do substantial justice because of the inadequacy of procedural mechanisms or the existence of clear substantive bias against the party seeking judicial relief.[4] Analogizing from this developing concept, it would be anomalous indeed to refuse to apply such a standard when union action jeopardizing a member's rights has yet to be taken, and exceptional circumstances have neither been demonstrated nor even alleged.

The order of the United States District Court of December 13, 1963, will, there-

---

1. 29 U.S.C. § 529 (Supp. IV, 1963).

2. 224 F.Supp. 85, 86 (D.N.J.1963).

3. Appellee Baron has submitted his case on his brief, pro se, and oral argument also has been waived by the appellant. Appellee Lewis cannot be found and apparently is no longer litigating this suit either in person or by counsel.

4. Harris v. International Longshoremen's Asso., Local 1291, 321 F.2d 801 (3 Cir. 1963); Sheridan v. United Brotherhood of Carpenters, etc., 306 F.2d 152, 159 (3 Cir.1962) (concurring opinion); Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2 Cir. 1961).

fore, be reversed and the case will be remanded to that Court for the dissolution of its injunction and for the granting of appellant's motion for summary judgment to dismiss appellees' complaint.