[No. 1569.]

## Mrs. C. THOMAS, Respondent, *v.* Mrs. J. A. BLAIS-DELL, Appellant.

Practice on Appeal—Findings—Statement—Record. Findings found or refused, not embodied in the statement on motion for new trial, are not part of the record on appeal.

Easement. It is the right of both parties to insist that an easement remain substantially as it was at the time of its acquisition.

Idem—Irrigation—Duty of Dominant Owner. An irrigating ditch belonging to one person for many years ran over the land of another, and the former had from time to time widened and deepened it, against the protest of the latter, until the increased volume of water endangered the latter's house, and obstructed the free use of her premises. To remedy the obstruction, boxes were built by the land owner, with the knowledge and without objection of the owner of the ditch, and they remained for twelve years, when the latter removed them because they had decayed and obstructed the flow of water, claiming that it was the land owner's duty to keep the ditch boxes for her own protection: *Held*, that it was the ditch owner's duty to replace the boxes in the ditch and keep them in repair.

Appeal from the Second Judicial District Court, Washoe County; *C. E. Mack*, Judge, presiding.

Suit by Mrs. C. Thomas against Mrs. J. A. Blaisdell for an injunction. There was a decree for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Benjamin Curler*, for Appellant:

I. The court should have rendered its decision in favor of appellant, for the reason that the injury complained of in the complaint would never have existed but for the misconduct and culpable neglect of the plaintiff in placing boxes in said ditch and allowing them to decay, fall in, and obstruct the flow of water therein. (2 Greenl. Ev., Redfield's ed., secs. 473–476; *Smith* v. *Smith*, 2 Pick. 621; *Flower* v. *Adams*, 2 Taunt. 314; *Steel* v. *Inland W. L. Nav. Co.*, 2 Johns. 283; *Lebanon* v. *Walcott*, 1 N. H. 339.)

II. The appellant conducted water in the open ditch in question for the purpose of irrigating her said lands from 1864 to about 1885, and thereby had acquired a right so to do; and in the year 1885 the respondent, without the knowl-

edge or consent of appellant, entered upon said ditch and placed boxes therein on the north side of her (respondent's) house. Said boxes remained in said ditch on the north side of respondent's house for a period of about thirteen years, and, after rotting and caving in so as to obstruct the flow of water in said ditch, she, the said respondent, refused to repair them. The appellant, therefore, had the right to remove the boxes, even though such act were to the annoyance of respondent. (*Mahan* v. *Brown*, 13 Wend. (N. Y.) 261; Smith, Leading Cas. 472, and notes; *Radcliff* v. *Mayor of Brooklyn*, 4 N. Y. 195; *Pickard* v. *Collins*, 23 Barb. 444; *Ellis* v. *Duncan*, 21 Barb. 230; *Vandenburgh* v. *Truax*, 47 Am. Dec. 268; *Guille* v. *Swan*, 19 Johns. (N. Y.) 381; *Bonnell* v. *Smith*, 53 Iowa, 281; *Omstead* v. *Rick*, 6 N. Y. Supp. 826; 16 Am. & Eng. Enc. Law, 930.)

III. The appellant had not, by acquiescence in the placing of a box in her open ditch, lost her right to have such open ditch maintained over respondent's lands, and the court could not, without her consent, compel her to accept any covered box whatever in lieu of the original open ditch. (*Johnston* v. *Hyde*, 32 N. Y. 446; *Hulme* v. *Shreve*, 3 Green, Ch. N. Y. 460; *Merritt* v. *Parker*, Coxe, N. Y. 460; *Tillotson* v. *Smith*, 32 N. H. 90; *Dewey* v. *Bellows*, 9 N. H. 282; *Jewett* v. *Whitney*, 43 Me. 242; 6 Am. & Eng. Enc. Law, note 150.)

*Torreyson & Summerfield*, for Respondent:

I. Appellant's error lies in his failure to distinguish between the ownership and the operation of an easement and the same character of property situated upon the dominant owner's estate. It is certainly plain that appellant would have had the right to maintain and operate the ditch as she pleased had it been situated upon her own lands and such maintenance and operation would have injured or damaged no one else. But it is submitted that in law and equity she had no right to so maintain or operate it upon the lands of the servient estate so as to either endanger or damage the estate upon which it rested as a servitude.

II. Appellant is in error in repeatedly stating that the boxes were originally placed in the ditch by respondent. The evidence of both respondent and Mr. Martin was to the

effect that Mr. Martin placed the boxes in the ditch without any authority whatsoever so to do and for the purpose of preventing trouble between appellant and respondent at the time. It had become appellant's legal duty at that time to so box her ditch that it should not become a nuisance to and endanger the premises and dwelling house of respondent. Mr. Martin's kind, but unauthorized, act in boxing the ditch in no sense relieved appellant from performing her duty when the conditions again occured making it necessary so to do in order to prevent recurring danger and damage.

III.  The owner of the dominant estate must not so enlarge the use of an easement as to increase the burden resting upon the servient estate. (*North Fork Water Co.* v. *Edwards*, 121 Cal. 662; *Boynton* v. *Longley*, 19 Nev. 69; *Joseph* v. *Alger*, 108 Cal. 517; 6 Rights, Remedies and Practice, 2778; 6 Am. & Eng. Enc. Law, 149.)

IV.  *Sic utere tuo ut alienum non lædas.*  "So use your own as not to injure another's."  The above is one of the great fundamental maxims of the common law controlling the use of property and has been universally recognized by both the English and the American courts as a landmark of the law necessary for the proper enjoyment of the rights of property. (*Boynton* v. *Longley*, 19 Nev. 69; *Shane* v. *K. C. R. Co.*, 71 Me. 245; *Joseph* v. *Alger*, 108 Cal. 108.)  The maxim is peculiarly applicable to the use and operation of easements. (*Jacobs* v. *Day*, 111 Cal. 579.)  The owner of an easement must not use the same so as to render it a nuisance to the servient estate. (*Jacobs* v. *Day*, 111 Cal. 571; 6 Am. & Eng. Enc. Law, notes, 149, 152; Washb. Easem. 654, *et seq.*)

V.  Ditch owners are required and bound to keep their ditches in such repair that the water will not overflow or break through its banks, or destroy or damage the lands or premises of other parties. (*Shields* v. *Orr Ditch Co.*, 23 Nev. 349; *Richardson* v. *Kier*, 34 Cal. 63; *McCarty* v. *Boise City Co.*, 10 Pac. 623; *Parker* v. *Larsen*, 86 Cal. 236; *Pixley* v. *Clark*, 35 N. Y. 520; Black, Pom. Water Rights, 197; Angell on Watercourses, 330.)

By the Court, BONNIFIELD, C. J.:

This is an appeal from a judgment and decree given

against defendant, and in favor of the plaintiff, and from an order denying defendant's motion for a new trial. The judgment is for costs of suit.

By the decree, the defendant, her agents, etc., "are perpetually enjoined and restrained from allowing any water to flow in her ditch, designated in the pleadings and evidence in said cause as the 'Blaisdell Ditch,' until said defendant, Mrs. J. A. Blaisdell, first restores the box in the said ditch at the same place it occupied when removed by the said defendant, and from allowing more water to flow in said ditch than it will safely carry."

It is specified in the statement, on motion for new trial, that the court erred in making certain findings of fact for the plaintiff, and in refusing to make certain findings asked for by the defendant, and counsel for appellant makes a lengthy written argument thereon. But neither the said findings so made nor the proposed findings so refused are embodied in the statement on motion for new trial, and are therefore no part of the record on appeal. This rule is so well settled that it is not worth while to cite authorities.

Appellant's counsel contends that the only issue in the case is "as to whether it was the duty of respondent or the appellant to place the boxes in said ditch and keep them in repair."

To this issue we direct our attention.

It appears that at one time the appellant was the owner of a certain eighty-acre tract of land, now owned and occupied by the respondent, and also of another tract adjoining said eighty-acre tract, which latter tract the appellant still owns and occupies.

It appears that in 1872, by a conveyance from the appellant, the respondent became the owner of the said eighty-acre tract, and on the 1st day of January, 1873, respondent moved thereon, and ever since has been the owner and occupant thereof.

It appears that some time prior to said conveyance the appellant constructed an irrigating ditch, now called the "Blaisdell Ditch," which ran through said land conveyed to respondent, and on down to the land that appellant still

owns and occupies, for the purpose of irrigating the latter land.

It appears that the course of said ditch ran by and along the front side of the dwelling house, then and ever since situated upon the land now owned and occupied by the respondent, and distant therefrom two to six feet; that the said course of said ditch has not been changed; and that said house is and has been respondent's dwelling house ever since she moved on her said land in 1873.

As to the dimensions of said ditch when first constructed by appellant, which it seems was in 1863 or thereabouts, the testimony is conflicting. There is evidence on the part of the respondent tending to show that at that time it was but from fifteen or sixteen inches wide, and seven or eight inches deep, and so remained for a number of years after the respondent became the owner and occupant of her said land and premises, and up to the year 1881 or 1882; that the appellant in said year 1881 or 1882, and from time to time thereafter, and against the consent and express protest of the respondent, widened and deepened said ditch, and increased the volume of water therein, until the safety of said house was endangered, and the free use and comfortable enjoyment by the respondent of said premises were obstructed thereby.

It appears that, before said enlargement of the ditch and increase of the volume of water, the respondent was not injured or inconvenienced by said ditch nor by the appellant's use thereof.

It appears that W. A. Martin, respondent's son-in-law, placed a wooden box, or three boxes joined together, in said ditch, over fifty feet in length, along and by said house, in 1886, for the purpose of remedying said obstruction. There is evidence tending to show that said boxes were so placed with the full knowledge of the appellant at the time and without objection from her. It appears that Martin placed said boxes as aforesaid on his own motion and at his own expense; the respondent objecting thereto on the ground that it was the duty of appellant, as she claimed, to box up said ditch.

It appears that said boxing of said ditch was necessary to remedy said obstruction, and did so up to the year 1898, when, the lower section of said boxes having become decayed so as to partially obstruct the flow of water through said ditch to appellant's ranch, the appellant entered and removed all three sections of the boxes from said ditch, left the ditch open, and flowed water in large quantities through it to her ranch, and thereby again obstructed and interfered with respondent's free use and comfortable enjoyment of her said property, and so continued to do; claiming that it was the duty of the respondent in the first instance to box said ditch, as aforesaid, for her own protection, and that it was not, and is not now, the duty of the appellant to box the same.

It appears that, at the time said boxes were placed in said ditch, the ditch, and the appellant's said use thereof, had become a nuisance to the respondent by reason of the same being an obstruction and interference with her said use and enjoyment of said premises, and that said use of said ditch in its open condition since the removal of said boxes was, and a like future use will be, such nuisance, under section 3273, Gen. Stats.

"Where the easement is of such a character that a want of repair injuriously affects the owner of the servient land, it becomes not only the right, but the duty, of the owner of the easement to cause all necessary repairs to be made. As, for instance, if one has an aqueduct by pipes or a gutter across the land of another, he is bound to keep these in repair, so that the owner of the land shall not be damaged by want of such repair." (Washb. Easem., 3d ed., p. 686, and note 3.)

" The burden of the dominant tenement cannot be enlarged to the manifest injury of the servient estate by any alteration in the mode of enjoying the former." (*North Fork Water Co.* v. *Edwards*, 121 Cal. 662, 54 Pac. 69.)

It is the right of both parties to insist that the easement remain substantially as it was at the time of its acquisition. (6 Am. & Eng. Enc. Law, 149, and note 1.)

In this case the appellant did not acquire a right to increase the width and depth of said ditch, or to increase the volume of the water therein, to the extent of obstructing

the respondent's free use and enjoyment of her property as aforesaid.

We are of opinion that it was the duty of appellant " to place the boxes in said ditch and keep them in repair."

The judgment and order appealed from are affirmed.