[No. 2563]

## THE STATE OF NEVADA, EX REL. LOUIS MONGOLO, ET AL., PETITIONERS, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, JUDGE T. C. HART, PRESIDING, AND GIOVANNI BOTTINI, RESPONDENTS.

[211 Pac. 105]

1. INJUNCTION—AFFIDAVIT SHOWING BREACH OF INJUNCTION SUFFICIENT, THOUGH TESTED BY PROCEEDING IN PROHIBITION RATHER THAN ON CERTIORARI.

An affidavit that defendants had continued to enlarge a ditch across plaintiff's ranch in violation of an injunction *held* sufficient to confer jurisdiction on the court to proceed against them for contempt, under Rev. Laws, 5396, as amended by Stats. 1913, c. 94, requiring that the affidavit present the facts constituting the contempt, though tested by an original proceeding in prohibition rather than on certiorari, in which there is no chance to amend the affidavit; lack of jurisdiction being the only ground on which either writ will issue.

2. WATERS AND WATERCOURSES—NO JURISDICTION TO GRANT MANDATORY INJUNCTION WHERE COMPLAINT SHOWS EXISTENCE OF ADEQUATE REMEDY AT LAW.

Where the complaint, in a suit to restrain further enlargement of an irrigation ditch across plaintiff's land by owners of water conducted thereby, alleged the damage already done, and such issue was submitted to the jury for a special finding, the court had no jurisdiction to grant a mandatory injunction, though the complaint prayed that defendants be required to restore the ditch to its original size, and the amount of damages assessed was finally disallowed by the court; the allegations of the complaint showing that plaintiff had an adequate remedy at law.

ORIGINAL PROCEEDING in prohibition by the State of Nevada, on the relation of Louis Mongolo and others, to restrain the Second Judicial District Court and another from inquiring into a charge of contempt. **Alternative writ modified and made permanent. Petition for rehearing denied.**

*McCarran & Mashburn* and *J. W. Dignan,* for Relators:

Prohibition is the proper remedy where an inferior court attempts to proceed in excess of its authority. Cline v. Langan, 31 Nev. 239; Golden v. District Court, 31 Nev. 250; McKinnon v. Harwood, 35 Nev. 494; State ex rel. Powhatan Co. v. Ritz, 9 L. R. A. (N.S.) 1231.

The affidavit must set forth the facts constituting the contempt. It will not be presumed that the accused is guilty of some act not specifically alleged. Schwartz v. Superior Court, 43 Pac. 580; Berger v. Superior Court, 167 Pac. 143.

The proceedings are void ab initio if the affidavit is defective. Frowley v. Superior Court, 110 Pac. 817; Lutz v. District Court, 29 Nev. 152.

Before a court of chancery can interfere, one must show he has no adequate remedy at law. DeWitt v. Hays, 56 Am. Dec. 352, 14 R. C. L. 339–340; Conley v. Chedic, 6 Nev. 222.

The writ of injunction may not be used to harass or annoy, especially if the injury is measurable in dollars and the defendant can respond. A. T. & S. F. Ry. Co. v. Meyers, 64 Pac. 597, 22 Cyc. 928.

Injunctions should not be granted which are inequitable, contrary to real justice, against good conscience, productive of hardship, oppression, injustice, or public or private mischief. 14 R. C. L. 309.

A court cannot, though it have jurisdiction of the subject-matter and the parties, go beyond the issues raised and pass upon a matter not submitted for its decision. Newman v. Bullock, 47 Pac. 379, 15 R. C. L. 853; Windsor v. McVeigh, 23 L. Ed. 917.

Where the plaintiff has an adequate remedy at law, equity jurisdiction is not conferred by failure of

defendant to question the jurisdiction.    Fulton Co. v. Twombly, 42 Pac. 253.

*Huskey & Kuklinski,* for Respondents:

This action is authorized under sections 5504 and 5137 of the Revised Laws of 1912.

In Thomas v. Blaisdell, 25 Nev. 223, very similar to this case, the court ordered the restoration of the box, though its cost could probably have been ascertained, the court realizing that the plaintiff was entitled to the undisturbed possession and enjoyment of the estate. It is the duty of the owner of the easement to make all necessary repair.    Washburn on Easements (3d ed.) 686.

The power of a court of equity to grant mandatory injunctions is generally recognized, in the exercise of sound judicial discretion.    Coombs v. Lenox Realty Co., 111 Me. 178, 42 L. R. A. (N.S.) 1085, 14 R. C. L. 315, 445.

The rule in Fulton Co. v. Twombly, 42 Pac. 253, cited by counsel, is not applicable where the procedure is different, and was calmly disregarded in Wilson v. Eagelson, 76 Pac. 616.

Mandatory injunctions may issue to abate a nuisance. Wiel on Water Rights (3d ed.) 712; 3 Kinney on Irrigation (2d ed.) 2961, 2928.

An affidavit is sufficient which clearly apprises the defendant of what he is charged.    Golden State v. Superior Court, 65 Cal. 187; Strait v. Williams, 18 Nev. 430.

Prohibition is not justified unless other remedies are inadequate (O'Brien v. Commissioners, 41 Nev. 91; Silver Peak v. District Court, 33 Nev. 97; State v. District Court, 39 Nev. 323); or to prevent anticipated errors (Kinard v. Police Court, 2 Cal. App. 179, 83 Pac. 175); or where there is an adequate remedy, either by appeal (Hill v. Superior Court, 131 Pac. 1061) or by certiorari (Maxwell v. Rives, 11 Nev. 213; Phillips v. Welch, 12 Nev. 158); or where greater harm would be done by its issue than would be prevented by its operation (People v. McCue, 76 N. Y. St. 485; 77 N. Y. St. 451).

By the Court, COLEMAN, J.:

This is an original proceeding in prohibition to restrain the respondent court from inquiring into a charge of contempt. The petition alleges that on a given date the petitioners were cited to show cause why they should not be punished for contempt of court for a failure, neglect, and refusal to comply with a judgment and decree thereof, a copy of which is attached to and made a part of the petition, as well as is a copy of the complaint in the suit in which the decree was rendered.

Omitting some preliminary and nonessential allegations in the petition, it is alleged:

"That thereupon relators herein filed their motion to quash and set aside said show-cause order and dismiss said proceeding, upon the grounds and for the reason that the affidavit upon which said show-cause order was based failed to state any facts sufficient to constitute a cause of action or a charge of contempt against relators, or either or any of them; that the court was without jurisdiction of the subject-matter or the persons of the defendants, for the reason that the judgment upon which said proceeding was based was void upon its face. And relators then and there moved to strike out and from the files the whole of said affidavit, upon the grounds and for the reason that the said affidavit, and the whole thereof, was sham, frivolous, irrelevant, and immaterial, and contained no statement of any fact or facts which charged the commission of any contempt of court against the relators herein, or either or any of them. And relators further moved to strike out portions of said affidavit upon the grounds that such portions were sham, frivolous, and irrelevant."

It is further alleged that the court, after a hearing upon said motions, refused to quash and set aside said contempt proceedings, or to strike any of the matter objected to, except certain minor and immaterial portions, and entered an order setting said contempt proceedings for hearing, and that the said court will proceed to hear the same, and will—

"without power, right, authority, or jurisdiction so to

do, wrongfully adjudge these petitioners guilty of contempt of court, and will make and cause to be entered against these petitioners a void judgment which will subject petitioners to wrongful and illegal obligations and punishment as for contempt of court, and thus and by means thereof subject petitioners to a loss of property rights without due or any process of law, and subject petitioners to a void judgment depriving them of their liberty without due or any process of law."

In support of the petition for the writ, counsel urge two points: (1) That the affidavit upon which the show-cause order was sought and issued fails to state any facts showing any violation of that portion of the injunction embodied in the decree restraining the petitioners from future acts of trespass upon the property of the plaintiff in the suit in which the decree was entered; and (2) that the affidavit charging a violation of the mandatory portion of the injunction in said suit was insufficient to give the court jurisdiction to proceed, and, further, that the mandatory portion of the decree is void for want of power in the court to enter it.

As to the first point, it must be borne in mind that the suit out of which the contempt proceedings grew was one in which the plaintiff alleged that he was the owner of a tract of land of forty-two acres, across which an irrigation ditch ran, which served to conduct water owned and used by the defendants in the action (petitions here) to irrigate their lands, and that in the course of the enjoyment of such right they had entered upon the 42-acre tract, and, among other things, greatly enlarged said ditch and threatened, and, if unrestrained, would continue to enlarge the same, to the great damage of the owner.

Upon the trial of the case the court found the issues in favor of plaintiff and ordered a decree restraining the defendants from further enlarging the ditch, and commanding them to restore it to its original size and capacity. The affidavit for contempt charges, among other things:

"That said defendants and each of them have continued to further enlarge said Sessions ditch within the limits of plaintiff's ranch; that said defendants have wholly failed and neglected and have refused to restore that portion of said Sessions ditch, ordered restored to its former dimensions by the judgment and decree as aforesaid in this action."

1. It is conceded by counsel for petitioners that the judgment in the water suit constitutes a basis sufficient to support the charge of contempt for a violation of the restraining portion of the injunctive relief granted in that matter. Let us see if the affidavit, wherein it is sought to charge such a violation of the injunction, is sufficient. It is said by counsel that the mere statement in the affidavit "that defendants and each of them have continued to further enlarge said Sessions ditch within the limits of plaintiff's ranch" is not a statement of fact, but a mere statement of a conclusion, and hence no jurisdiction is conferred upon the court to act. To sustain petitioners' contention, reliance is had upon a portion of section 5396, Revised Laws of 1912, as amended (Stats. 1913, p. 117), reading as follows:

"When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators."

Counsel for respondents direct our attention to the case of Strait v. Williams, 18 Nev. 430, 4 Pac. 1083, and contend that it is decisive of the point made by counsel for petitioners. Counsel for the petitioners, evidently appreciating the force of the contention, assuming that case to be in point, seek to distinguish it from the instant one, contending that it was a case on certiorari where the trial had already taken place and a judgment entered, and that there was no chance to amend, whereas "in this proceeding the issue has not been determined. The sufficiency of the allegations of the affidavit is now being tested. Bottini may still have opportunity to

amend his affidavit." We fail to see the force of the
distinction sought to be made. As a matter of fact, in
that case, as in this, relief was sought upon the ground
that the affidavit upon which the contempt proceeding
was founded did not state facts sufficient to give the
court jurisdiction of the subject-matter. Lack of juris-
diction is the only ground upon which either the writ of
certiorari or prohibition will issue in this state. The
question before the court in that case was: Did the affi-
davit for contempt state facts sufficient to give the
court jurisdiction to hear and determine? That is the
point made in this proceeding. What matters it what
the nature of the proceeding is in which the question is
raised? The only question to be determined is as to the
sufficiency of the affidavit. The Strait-Williams case is
decisive of the point urged, as is the case of Phillips v.
Welch, 12 Nev. 158, both holding sufficient an affidavit
such as is attacked in this case, and in a similar pro-
ceeding. We must adhere to the views expressed in
those cases.

2. There is but one question left to be decided, and
that is whether the district court had jurisdiction in
the water suit, under the allegations of the complaint,
to decree mandatory relief to the plaintiff. While courts
of equity seem to have jurisdiction to issue mandatory
injunctions when the allegations of the complaint and
the facts justify it (14 R. C. L. 315; note to Murdock's
Case, 20 Am. Dec. 389), the allegations of the complaint
in question do not warrant such relief. It is not con-
tended that the damage done in enlarging the ditch
could not be compensated in damages, or that the
defendants were not able to respond to any judgment
that might be rendered against them. On the other
hand, the complaint proceeds on the theory that such
damages could be compensated for. There is an allega-
tion in the complaint as to the damage done in enlarging
the ditch, and such damage is alleged to be in the sum
of $3,000. It is true that the prayer of the complaint

asks that the defendants be required to restore the ditch to its original size. But it is also true that the issue of damage for enlarging the ditch was submitted to the jury for a special finding as to the damage done in enlarging the ditch, which it assessed at $1,000, though this was finally disallowed by the court, evidently upon the theory that plaintiff should not have damage, and his ditch restored to its original size also.

It is clear that under the allegations of the complaint the plaintiff in that suit had an adequate remedy at law. This being true, the court had no jurisdiction to enter a decree for a mandatory injunction. Kerr's Inj. in Eq. p. 51.

The alternative writ heretofore issued herein will be modified so as to permit respondent to proceed as to that portion charging contempt, except as to the mandatory provisions of the decree entered in the water suit, and as so modified it will be made permanent.

It is so ordered.

### ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.