CHAS. C. WILLIAMS, MELVIN LONG, JASPER G. BERRY, LOUIS G. BRITT, JOHN CEPAK, ALFRED L. LONG, PAUL JAMES TORREY, WILLIAM BOUFFARD, FRED SWITZER, G. L. MITCHELL, LLOYD GARRETT AND GEORGE CHENAU, APPELLANTS, v. WALTER VICKERS, ROY BLUE AND PETER LAKOTAS, RESPONDENTS.

No. 3976

February 13, 1958.                    321 P.2d 586.

*Oscar W. Bryan,* of Las Vegas, for Appellants.

*Morse, Graves and Compton,* of Las Vegas, for Respondents.

## OPINION

By the Court, MERRILL, J.:

This is an appeal taken by the plaintiffs below from judgment of the trial court dismissing the action for failure of the complaint to state a claim upon which relief can be granted. The action is brought by members of local 88 (Las Vegas, Nevada) of the Sheet Metal Workers International Association against officers of the local and seeks an injunction to prevent those officers from acting contrary to the provisions of the constitution of the international union. Action was dismissed upon the ground that the complaint failed to show the pursuit and exhaustion of remedies within the union framework as provided by the constitution. Upon this appeal the sole question is whether, upon the facts as alleged in the complaint, this is a valid ground for dismissal. We have concluded that it is and that judgment should be affirmed.

The constitution provides that the treasurer of the local shall deposit funds of the local in a bank selected by members of the local. The complaint alleges that the local had selected as depositary bank the First National Bank of Nevada, Third Street Branch, Las Vegas; that Vickers as treasurer of the local "acting in concert with defendants Roy Blue and Peter LaKotas, has either retained [local funds] in his own possession or caused said moneys to be deposited in banks outside the state of Nevada."

The union constitution provides for review by the general president of decisions of local officials and for removal of such officials from office for breach of duty. It establishes procedure for trial of officers for breach of duty and for appeal from conviction. It authorizes the general president to take over control of locals upon their failure to comply with the provisions of the constitution.

Courts will not, in the ordinary case, interfere with the internal affairs of voluntary associations. For judicial action to be held proper the rights or duties in question must be a proper subject of judicial attention and, generally, the circumstances should be such that the members are unable, through the procedures prescribed by the association, to secure the relief to which they are entitled. Hickman v. Kline, 71 Nev. 55, 279 P.2d 662.

Appellants contend that the general rule should not be held to apply in such a case as this; that where diversion and misapplication of funds is involved, direct resort to the courts is proper. In support of their contention they rely upon De Monbrun v. Sheet Metal Workers International Ass'n., 140 Cal.App.2d 546, 295 P.2d 881, 893. This was an action brought by a local against the international union and the general president who had taken over control of the local. The complaint there specifically alleged misappropriation of funds. The court concluded that, complaint being made of acts of the general president himself, and considering the nature of those acts, further pursuit of union remedies would

be "a futile pursuit of a putative remedy."

The situation in that case is quite different from that disclosed by the complaint before us. By injunction we are asked in effect to compel specific performance of a duty imposed by the provisions of the constitution and not otherwise imposed by law; to do so we must act in disregard of other provisions of that constitution. We are given no cause to suppose that the defendants would not comply with orders from the general president or that an orderly pursuit of union remedies would not accomplish a proper solution of this dispute.

We conclude that this is not a proper case for intervention by the courts in the internal affairs of unions. Affirmed.

BADT, C. J., and EATHER, J., concur.