416 P.2d 387 (1966)
82 Nev. 277
James BERRYMAN et al., Appellants,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Respondent.
No. 5055
Supreme Court of Nevada
July 11, 1966
Breen and Young, and Jerry Carr Whitehead and Frank Fahrenkopf, Jr., of Reno, for Appellants.
Bissett, Logar & Groves, of Reno, and Neyhart & Grodin, of San Francisco, Cal., for Respondent.

OPINION
THOMPSON, Justice.
This appeal is from an order of the district court refusing a preliminary injunction against the completion of intra-union disciplinary procedures. The appeal is authorized. NRCP 72(b) (2). The lower court in its discretion ruled that the intra-union dispute was not ripe for court intervention since the prescribed union procedures for resolving the dispute had not been pursued to completion, nor had the plaintiffs below, appellants here, shown irreparable or any injury. We think that the lower court ruled correctly and affirm.
The plaintiffs-appellants are members in good standing of the International Brotherhood of Electrical Workers and of Local 401 thereof. Because of dissension within the local union, its executive board invited the International President of I.B.E.W. to establish a trusteeship over Local 401, as *388 provided for by the constitution and bylaws of the I.B.E.W. This was done in January 1965. On April 6, 1965, John Byrne, the elected business manager of Local 401, filed charges under the I.B.E.W. constitution against 43 members of the I.B.E.W., including the plaintiffs-appellants in this action. He alleged that the 43 members had engaged in conduct violative of their obligations under the I.B.E.W. constitution by encouraging a series of widespread, unauthorized work stoppages contrary to union policy. It was also claimed that certain of the members had participated in picketing the office and premises of Local 401, thereby interfering with the normal operations of the union. The charges were made in writing and the 43 members notified by registered mail.
The dispute within Local 401 apparently made it impossible to utilize the normal method of presenting the dispute to the local union executive board. Therefore, the charges were referred to and entertained by the International Executive Council of the I.B.E.W. pursuant to Art. 10, § 4, and Art. XXVII, § 2(19) of the I.B.E.W. constitution.[1] The International Executive Council delegated to its president and secretary, as a committee, the power to conduct a hearing on the charges made. The committee had no power of decision or recommendation, but only the power to conduct the hearing, after which the International Executive Council would decide, on the record made, whether disciplinary action should be taken.
In accordance with rules of procedure adopted by the I.E.C. and pursuant to written notice, hearings were held in Reno, Nevada, for a group of the appellants. A further hearing scheduled for that group did not take place because the I.E.C. chairman was served with a temporary restraining order obtained by the appellants when this suit was commenced.
The action below was for declaratory relief. NRS 30.010-30.160; NRCP 57. The plaintiffs allege that the intra-union hearings held, but not completed, were fundamentally unfair and violated due process requirements of the federal and state constitutions. They claim that they were not allowed counsel at the hearings; that the prosecutor was allowed to be a witness; that evidence was received from persons not present and subject to cross examination; and other similar matters. The plaintiffs requested the court to declare "all prior proceedings void."
The propriety of declaratory relief in this setting is not an issue on appeal and we express no opinion on the point. As already noted, a temporary restraining order was granted on the day suit was commenced and, later, a motion for preliminary injunction was heard and denied.
1. Whether a preliminary injunction should be granted or refused is a question addressed to the discretion of the district court. Rhodes Co. v. Belleville Co., 32 Nev. 230, 106 P. 561, 118 P. 813 (1910). Once that court has ruled, and its ruling has been challenged on appeal, our task is to search the record and decide whether the lower court acted within permissible limits of judicial discretion. For the reasons hereafter mentioned, we think it clear that the district court could refuse to grant a preliminary injunction without fear of reversal on review.
2. With some exceptions not here applicable, injunctive relief is not available in the absence of actual or threatened injury, loss or damage. NRCP 65; Carroll v. Associated Musicians of Greater New York, 206 F. Supp. 462 (1962), affirmed *389 316 F.2d 574 (1963). There should exist the reasonable probability that real injury will occur if the injunction does not issue. Sherman v. Clark, 4 Nev. 138 (1868). In the case before us the plaintiffs had incurred no damage or injury, actual or threatened. The intra-union disciplinary procedures were blocked by this law suit. The hearings had not been completed, nor had the International Executive Council been afforded the opportunity to decide whether the charges filed against the plaintiffs here were valid. On the showing made, it was permissible for the lower court to conclude that a prerequisite for injunctive relief was absent. Baron v. Newspaper Guild, 342 F.2d 423 (3d Cir.1965).
In an effort to persuade us otherwise, the appellants cite a series of New York cases in which court injunctive relief was granted. Browne v. Hibbets, 25 N.Y.S.2d 573 (1941); Sullivan v. McFetridge, 183 Misc. 106, 50 N.Y.S.2d 385 (1944); Gallagher v. Monaghan, 58 N.Y.S. 2d 618 (1945); Schrank v. Brown, 192 Misc. 603, 81 N.Y.S.2d 687 (1948). In the Sullivan and Schrank cases the court intervened because the union had no jurisdiction. In Gallagher, the plaintiff had been expelled from the union. In Browne, disciplinary action had been taken. We do not perceive a lack of jurisdiction in the International Executive Council to resolve the instant dispute, nor have the plaintiffs here suffered discipline. The New York cases cited are inapposite.
3. The ruling below was authorized for other reasons. The intra-union dispute was not ripe for court intervention since remedial procedures within the union framework had not been exhausted. Williams v. Vickers, 74 Nev. 48, 321 P.2d 586 (1958). Neither does the record necessarily suggest that appropriate action would not be taken if intra-union procedures were pursued to completion. Cf. Hickman v. Kline, 71 Nev. 55, 279 P.2d 662 (1955). In these circumstances, it is preferable that internal disputes of the union be resolved within the union itself. Falsetti v. Local Union No. 2026, 400 Pa. 145, 161 A.2d 882 (1960).
4. Our view of this appeal renders it unnecessary to consider the subordinate question of due process in resolving intra-union controversies. Whether the requirements of due process of the federal and state constitutions, as applied to court trials, have application to intra-union disciplinary proceedings is an issue that must await another case  one in which prescribed union procedures have been exhausted, the members disciplined, and the assertion made that a fair hearing was denied them.
The order refusing a preliminary injunction is affirmed.
COLLINS, J., and ZENOFF, D.J., concur.
NOTES
[1] Art. 10, § 4 provides: "The I.E.C. shall have the power to try any local union or member charged with injuring the interests of the I.B.E.W. by actions in violation of the I.B.E.W. laws or the obligation of the member, and may revoke or suspend charter or membership."

Art. XXVII, § 2 (19) provides: "Any member may be penalized for committing any one or more of the following offenses: (19) causing a stoppage of work because of any alleged grievance or dispute without having consent of the local union or its proper officers."