LORI CZIPOTT, Appellant, *v.* GEORGE FLEIGH AND ANN FLEIGH, Respondents.

No. 6486

October 13, 1971                    489 P.2d 681

---

*Gordon L. Hawkins,* of Las Vegas, for Appellant.

*Samuel S. Anter* and *Peter L. Flangas,* of Las Vegas, for Respondents.

## OPINION

By the Court, ZENOFF, C. J.:

William and Lori Czipott became occupants of their house

under a land contract in June 1970. Their neighbors, the Fleighs, respondents herein, bought their house in 1960. This action concerns a domestic well located on the Czipott parcel, but from which both families and their predecessors in interest obtain their water.

Their dispute stems from the Czipott's desire to bring horses onto their property. After the Czipotts constructed a corral and brought in two horses despite the Fleighs' advance admonition, the Fleighs sued to enjoin those acts on the fear that the horses would contaminate the well. This appeal follows from the granting of a preliminary injunction prohibiting the keeping of horses on the premises.

1. The first of two basic issues is whether the evidence supports the trial court's finding that the presence of the horses would lead to contamination of the well. As to that, of course, we look to the record to note whether there is substantial evidence to support that finding.

Mr. Wren-Jarvis, an environmental engineer with the Clark County District Health Department, and Dr. Karl Kaufman, former Clark County Public Health Officer, both testified that the danger of contamination to a well from horses is very real, although they conceded that in some instances where hard ground is involved the spoiling of the water may not be likely. However, here, the floor around the pumphouse was cracked, there was ground erosion surrounding the pumphouse and the corral was located 22 feet from the well. A test showed some signs of contamination which was not present before the horses were on the premises.

The testimony of both witnesses indicates a very real danger of contamination and for that reason the finding of fact will not be disturbed. NRCP 52; Berryman v. Intl. Bhd. Elec. Workers, 82 Nev. 277, 280, 416 P.2d 387 (1966).

2. Appellant further complains that the Fleighs by acknowledging that they could dig another well on their own parcel for $4,000 had an adequate remedy at law and that therefore the harsh remedy of injunction will not lie. Sherman v. Clark, 4 Nev. 138, 141 (1868); Conley v. Chedic, 6 Nev. 222 (1870); Thorn v. Sweeney, 12 Nev. 251 (1877); State v. District Court, 46 Nev. 410, 211 P. 105 (1923). We relax that rule when the underground water supply of an arid area such as that of Clark County is endangered. Although this court has

been reluctant to approve injunctive relief where damages may be assessed and recovered the mere availability of a legal remedy is not enough. The remedy must be adequate. 1 High on Injunctions, § 30 (1905). The courts favor relief which prevents a wrong in preference to that which may afford redress. Belmont Quadrangle Drilling Corporation v. Galek, 244 N.Y.S. 231 (S.Ct. 1930). To destroy one's property is sometimes regarded as an irreparable injury (Kane v. Porter, 235 P. 561 (Colo. 1925)) and the particular value of a water supply in the desert is not only unascertainable but its preservation is necessary to the general welfare. We accept the ruling of Thomas v. Blaisdell, 25 Nev. 223 (1899), that one's right to the use of his property may not be divested even though he might replace that property. In this case, the equitable remedy is so far superior that the legal remedy is rendered inadequate.

3. Appellant also contends that the Fleighs should have been put to the burden of first proving that the original appropriation of water from the well was statutorily blessed within Nevada's water acts, but the point has no relevance to this dispute. The well is already in existence and has been used for many years. No doubts were expressed as to the validity of the existence of the well itself nor of the parties' right to use it. Other grounds of appeal were unsupported by reference to authorities. Ellison v. State, 87 Nev. 4, 479 P.2d 461 (1971); Howarth v. El Sobrante Mining Corp., 87 Nev. 492, 489 P.2d 89 (1971); Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970); Riverside Casino v. J. W. Brewer Co., 80 Nev. 153, 390 P.2d 232 (1964). Furthermore, as to the deviance from the prayer for relief and the court's order, Rule NRCP 54(c) empowers the court to grant relief warranted even though not demanded and NRCP 54(a) extends the term "judgment" to any applicable order.

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.