OPINION
 

 Per Curiam:
 

 In this appeal, we consider whether a district court may rely upon plaintiff’s counsel’s statements made in an offer to compromise in determining whether plaintiff has met the jurisdictional damages requirement of the district court. We conclude that a district court may not rely upon such statements and therefore reverse the district court’s order.
 

 FACTS
 

 Appellant Dennis Morrison filed a complaint in the district court claiming damages in excess of $10,000.00 for personal injuries allegedly suffered on the premises of The Beach, a nightclub. Appellant claimed that he was a patron of the club, and that he slipped on paper napkins on the dance floor and broke a bone
 
 *36
 
 in his right foot. According to appellant, the club knowingly created á dangerous situation by deliberately blowing napkins onto the dance floor. Appellant contended that he suffered a fractured foot and mental stress and anxiety, which ‘ ‘may be permanent and disabling in nature,” and that he “lost range of motion on his right foot and suffers from continuing pain.” He requested both general and special damages in excess of $10,000.00. In addition, appellant alleged that his damages were presently unascertainable, and “will continue into the future.” Respondents filed an answer.
 

 After respondents’ answer was filed, appellant’s attorney forwarded to respondents appellant’s medical records and a letter indicating that the value of the action “[did] not warrant full-blown litigation.” A pre-arbitration conference was held, after which appellant’s attorney sent a letter to respondents’ attorney seeking to settle the case for $2,000.00, and stated his belief that appellant would recover approximately that amount if the matter proceeded to arbitration.
 

 Subsequently, respondents filed a motion in the district court to dismiss for lack of subject matter jurisdiction based on appellant’s offer to compromise. Appellant responded by filing an opposition to respondents’ motion and a counter-motion for sanctions and to strike a fugitive document, namely, appellant’s offer to compromise. Respondents then filed a reply to appellant’s opposition and its opposition to appellant’s counter-motion for sanctions. In response, appellant filed a reply to the opposition to the counter-motion for sanctions.
 

 The court granted respondents’ motion, and in a brief order dismissed the complaint, without prejudice, for lack of subject matter jurisdiction and denied the counter-motion for sanctions and to strike. This appeal followed.
 

 DISCUSSION
 

 Appellant contends the district court committed reversible error by granting respondents’ motion to dismiss based upon appellant’s offer to compromise. We agree.
 

 The Nevada Rules of Civil Procedure provide that the defense of lack of jurisdiction over the subject matter may, at the option of the defendant, be made by motion. NRCP 12(b)(1). NRCP 12(h)(3) provides that “[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.” The burden of proving the jurisdictional requirement is properly placed on the plaintiff.
 
 See
 
 Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971); 2 James Wm.
 
 *37
 
 Moore et al.,
 
 Moore’s Federal Practice
 
 § 12.30[5] (3d ed. 1999) [hereinafter Moore’s]; 15
 
 Moore’s
 
 § 102.107. In federal practice, the district court can take evidence on the claim that the complaint does not fall within the subject matter jurisdiction requirements of the court, and such evidence is not necessarily confined to the allegations of the complaint.
 
 See
 
 15
 
 Moore’s
 
 § 102.107[1] and [2],
 

 The Nevada Constitution confers both original and appellate subject matter jurisdiction upon the district courts. The constitution provides that district courts do not have original jurisdiction over actions that fall within the original jurisdiction of the justices’ courts. Nev. Const. art. 6, § 6. NRS 4.370(l)(b) confers original jurisdiction upon justices’ courts over civil actions for damages for personal injury, if the damages claimed do not exceed $7,500.00. Thus, the district court has original jurisdiction over such actions only if the plaintiff claims more than $7,500.00 in damages.
 

 This court has previously determined jurisdiction solely on the basis of damages claimed in the complaint. In Royal Insurance v. Eagle Valley Construction, Inc., 110 Nev. 119, 120, 867 P.2d 1146, 1147 (1994), the district court’s jurisdictional limit was not met because the claimed damages were less than the jurisdictional amount as set forth in NRS 4.370(l)(b), and attorney fees and costs would not be considered in order to raise the amount in controversy above the jurisdictional limit of the district court.
 

 Appellant argues that the complaint, which claimed damages in excess of $10,000.00, lies within the jurisdiction of the district court.
 
 [1]
 
 Appellant contends that although actual recovery could be less than $10,000.00, that possibility does not preclude the district court from having jurisdiction. In
 
 Royal Insurance,
 
 the district court dismissed a claim for lack of subject matter jurisdiction because the claimed damages in the complaint, exclusive of costs and attorney fees, were less than the jurisdictional threshold. Pursuant to
 
 Royal Insurance,
 
 appellant claims the district court erred in dismissing appellant’s complaint because the claimed damages were in excess of the jurisdictional amount as set forth in NRS 4.370(l)(b). The present case, however, unlike
 
 Royal Insurance,
 
 requires the court to look beyond the damages
 
 *38
 
 claimed, and evaluate whether those damages were claimed in good faith.
 

 Although we have not previously addressed what standards should guide the district court in determining whether the claimed damages meet the jurisdictional requirement, federal courts apply a “legal certainty” test to determine whether a complaint satisfies the amount-in-controversy requirement of diversity jurisdiction under 28 U.S.C. § 1332. In order to dismiss a case based on lack of subject matter jurisdiction, it must appear to a legal certainty that the claim is worth less than the jurisdictional amount.
 
 See
 
 St. Paul Indemnity Co. v. Cab Co., 303 U.S. 283, 288-89 (1938); Budget Rent-A-Car Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997). A claim in excess of the requisite amount, made in good faith, satisfies the jurisdictional requirement.
 
 Higashiguchi,
 
 109 F.3d at 1473;
 
 see also St. Paul,
 
 303 U.S. at 288-89.
 

 A court should be cautious about dismissing a complaint for failing to meet the jurisdictional requirement:
 

 Under the “legal certainty” test, it should be emphasized, the plaintiff must establish merely that it does
 
 not
 
 appear to a legal certainty that the claim is
 
 below
 
 the jurisdictional minimum. Thus, under this standard, courts must be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction.
 

 15
 
 Moore’s
 
 § 102.106[1]. We adopt the federal courts’ legal certainty test for determining the jurisdictional amount in controversy in Nevada district courts.
 

 We must next consider what kind of evidence is appropriate for demonstrating that subject matter jurisdiction exists. Appellant maintains that the district court erred in denying his motion to strike, and that respondents violated Nevada law by tendering appellant’s prior offer to compromise, which sought to settle the case for $2,000.00. NRS 48.105(1) provides, in relevant part, that evidence of an offer to compromise a claim, ‘ ‘which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.” Also, “[ejvidence of conduct or statements made in compromise negotiations is likewise not admissible.” NRS 48.105(1).
 
 [2]
 
 The letter in this case was
 
 *39
 
 nothing other than an offer to compromise, which NRS 48.105(1) renders inadmissible.
 
 [3]
 

 Using offers to compromise to measure jurisdictional limits, moreover, would likely have an undesirable chilling effect on parties’ attempts to reach a settlement, because a plaintiff would fear (quite justifiably, as the present case demonstrates) that a low offer might later be used to dismiss the case. Courts rightly encourage offers to compromise claims. Federal Rule of Evidence 408 (the federal analog of NRS 48.105), governing admissibility of offers to compromise, was developed to “encourage the resolution of problems through negotiation and settlement without the fear of having statements made during the negotiation process haunt a future legal proceeding.” Han v. Yang, 931 P.2d 604, 613 (Haw. Ct. App. 1997). Based on the plain language of NRS 48.105(1), and the policy underlying this statutory provision, we conclude that relying on an offer to compromise as evidence of a failure to satisfy the jurisdictional limit is improper.
 

 Yet, a district court may inquire into an attorney’s possible bad faith in claiming damages to meet the jurisdictional limit of the district court.
 
 See St. Paul,
 
 303 U.S. at 288-89 (damages claimed must be pleaded in good faith);
 
 Higashiguchi,
 
 109 F.3d at 1473 (same). According to NRCP 11, a party is required to have a reasonable basis for alleging damages in a complaint that is “well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.” The signature of the attorney constitutes certification that to the best of his or her knowledge the pleading adheres to these guidelines. NRCP 11 thus applies to a jurisdictional allegation and/or a claim of damages which furnishes the basis for subject matter jurisdiction in district court. The district court may conduct a hearing to determine whether the potential damages in a case fall below the jurisdictional threshold, although it may not rely on statements made in settlement negotiations in making that determination.
 

 We conclude that the district court erred when it relied on the statements made in the offer to compromise and dismissed the complaint for lack of subject matter jurisdiction. We therefore
 
 *40
 
 reverse the order of the district court and remand for further proceedings consistent with this opinion.
 

 [1]
 

 It is likely that appellant pleaded damages in excess of $10,000.00 because of NRCP 8(a). “Where a claimant seeks damages of more than $10,000, the demand shall be for damages ‘in excess of $10,000’ without further specification of amount.” NRCP 8(a).
 

 [2]
 

 NRS 48.105(2) qualifies the scope of NRS 48.105(1). Evidence need not be excluded when it “is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.” Subsection (2) does not apply to the circumstances at hand.
 

 [3]
 

 Generally, a settlement offer would also be inadmissible as irrelevant.
 
 See
 
 NRS 48.025 (irrelevant evidence inadmissible). What a party is willing to accept at a particular point in time has little or no relevance to what the claim is potentially worth for purposes of subject matter jurisdiction. There are many variables reflected in an offer (such as a plaintiff’s immediate need for funds, and/or the need to avoid a potential loss or embarrassment at trial) that might make it unreliable proof of the ultimate value of the claim.