134 Nev., Advance Opinion *3*

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUCIA CASTILLO, AN INDIVIDUAL,
Appellant,
vs.
UNITED FEDERAL CREDIT UNION, A
FEDERAL CREDIT UNION,
Respondent.

No. 70151

**FILED**

FEB 01 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in an action under the Uniform Commercial Code. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

*Reversed and remanded.*

Robert W. Murphy, Ft. Lauderdale, Florida; Michael Lehners, Reno; Nathan R. Zeltzer, Reno,
for Appellant.

Howard & Howard Attorneys PLLC and James A. Kohl and Robert Hernquist, Las Vegas,
for Respondent.

---

BEFORE DOUGLAS, C.J., GIBBONS and PICKERING, JJ.

## OPINION

By the Court, DOUGLAS, C.J.:

The issue in this appeal concerns whether the justice court or the district court had original jurisdiction over this matter, and thus, we are asked whether the district court erred in granting respondent's motion to dismiss based on lack of subject matter jurisdiction. In particular, we

18-04353

consider (1) whether aggregation of putative class member claims is permitted to determine jurisdiction, (2) whether a claim for statutory damages can be combined with a claim for the elimination of the deficiency amount asserted to determine jurisdiction, and (3) whether an assertion of injunctive relief establishes jurisdiction. First, we conclude that in Nevada, aggregation of putative class member claims is not permitted to determine jurisdiction. Second, we conclude that a claim for statutory damages can be combined with a claim for the elimination of the deficiency amount demanded by respondent to determine jurisdiction. Finally, we conclude that because appellant sought appropriate injunctive relief, the district court possessed original jurisdiction. We therefore reverse the district court's order granting respondent's motion to dismiss based on lack of subject matter jurisdiction.

### FACTS AND PROCEDURAL HISTORY

On March 11, 2014, appellant Lucia Castillo and a co-buyer entered into a vehicle and security agreement with respondent United Federal Credit Union.[1] After respondent repossessed and sold the vehicle, respondent notified appellant that she owed a deficiency balance in the amount of $6,841.55.

On March 3, 2015, appellant and the co-buyer, as individuals, filed a complaint against respondent, alleging that respondent's notice of sale violated the Uniform Commercial Code (UCC). In the complaint, appellant further alleged that her case met the prerequisites for a class

---

[1]We note that the co-buyer died during the pendency of this appeal, and because no personal representative was timely submitted, Castillo is the sole appellant. *See Castillo v. United Fed. Credit Union*, Docket No. 70151 (Order Partially Dismissing Appeal, April 11, 2017).

action under NRCP 23(a) and that the class was maintainable under NRCP 23(b). Although appellant sought an order for class action certification pursuant to the complaint, appellant never subsequently requested that the court certify the class due to the anticipation of discovery.

Appellant amended her complaint by reducing the number of causes of action. In her amended complaint, appellant asserted that the district court had jurisdiction because "each [c]lass [m]ember is entitled to the elimination of the deficiency balance and the statutory damages [pursuant to NRS 104.9625(3)(b)]," and thus, "the amount in controversy exceeds $10,000.00." Accordingly, appellant sought statutory damages under the UCC for each putative class member. Appellant also sought injunctive relief to eliminate appellant's deficiency balance and "to remove any adverse credit information which may have been wrongfully reported on the consumer reports of the class members."

Respondent filed a motion to dismiss appellant's amended complaint, contending that the district court lacked subject matter jurisdiction because appellant and the co-buyer failed to demonstrate that they were individually entitled to damages in excess of $10,000. At the hearing for respondent's motion to dismiss, the parties additionally argued about whether appellant's request for injunctive relief divested the justice court of jurisdiction. Although the district court never reached a determination on this additional issue, the court ultimately granted respondent's motion by finding that (1) appellant could not aggregate the putative class member claims because the court did not order that the class action could be maintained, and (2) NRS 104.9625(4) precluded appellant from combining the deficiency amount she sought to eliminate with her statutory damages. This appeal followed.

Supreme Court
of
Nevada

(O) 1947A

3

## DISCUSSION

Appellant argues that the district court erred in dismissing the action based on lack of subject matter jurisdiction because (1) the damages of each individual class member should have been aggregated to determine the amount in controversy, (2) appellant's claim for statutory damages should have been combined with the deficiency amount she owed respondent to determine jurisdiction, and (3) the court had original jurisdiction due to the injunctive relief appellant requested. Although we disagree with appellant's first contention, we agree with her two latter contentions.

*Standard of review*

This court reviews an order dismissing a complaint rigorously. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 323, 130 P.3d 1280, 1284 (2006). Accordingly, we accept all factual allegations in the complaint as true and construe all inferences in the complainant's favor. *Id.*

Additionally, a lower court's decision concerning subject matter jurisdiction is subject to de novo review. *Am. First Fed. Credit Union v. Soro*, 131 Nev., Adv. Op. 73, 359 P.3d 105, 106 (2015). The plaintiff has the burden of proving subject matter jurisdiction. *See Morrison v. Beach City LLC*, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." NRCP 12(h)(3).

*Whether the district court erred in granting respondent's motion to dismiss based on lack of subject matter jurisdiction*

> *The district court did not err in declining to aggregate putative class member claims to determine subject matter jurisdiction*

Appellant argues that the amount in controversy should be determined based on the class as a whole rather than individual class

member claims.[2]   Appellant also asserts that aggregation of claims promotes the purpose of class action litigation.   Conversely, respondent argues that the district court properly declined to aggregate appellant's claims with potential class member claims to satisfy its jurisdictional threshold.  We agree with respondent.

Justice courts only have original jurisdiction as specified by statute, whereas district courts "have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts."  Nev. Const. art. 6, § 6(1); *see also* NRS 4.370(1) (2017).  In pertinent part, justice courts have original jurisdiction in actions where "the damage claimed does not exceed $10,000."  NRS 4.370(1)(b) (2013); 2013 Nev. Stat., ch. 172, § 2(1)(b), at 597.[3]

The novel issue before this court is whether the district court should aggregate putative class member claims to effectively divest the justice court of jurisdiction for class actions.  Other jurisdictions have allowed for aggregation; however, we are not persuaded by such distinguishable authority.  Notably, those courts have recognized the lack

---

[2]Appellant contends that aggregation is appropriate in this case because "plaintiffs are 'claimants under a common right.'"  Although appellant failed to raise this particular argument below, this point goes to the jurisdiction of the district court.  *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, *unless it goes to the jurisdiction of that court*, is deemed to have been waived and will not be considered on appeal." (emphasis added)).  Upon consideration of appellant's argument, we decline her invitation to adopt the common interest exception to allow aggregation in class actions.

[3]The Legislature raised the jurisdictional amount to $15,000, effective June 8, 2017.  *See* 2017 Nev. Stat., ch. 484, § 7(1)(b), at 3023.  The 2013 version of NRS 4.370 is the statute at issue in this case.

of an adequate forum for class actions in their respective jurisdictions if aggregation was not permitted. *See Thomas v. Liberty Nat'l Life Ins. Co.*, 368 So. 2d 254, 257 (Ala. 1979) ("There is no plain and adequate remedy for numerous small claims involving similar questions of law and fact in the district court."); *Judson Sch. v. Wick*, 494 P.2d 698, 699 (Ariz. 1972) ("Were we to hold that claims of less than $200.00 cannot be aggregated in Arizona, there would be no forum where class actions potentially involving millions of dollars and hundreds, possibly thousands of parties could find effective relief."); *Galen of Fla., Inc. v. Arscott*, 629 So. 2d 856, 857 (Fla. Dist. Ct. App. 1993) ("Our circuit courts are designed to hear such complex cases; our county courts are not."); *Dix. v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 210-11 (Mich. 1987) (holding "that class actions may be maintained in the circuit court, and only in the circuit court, without regard to the amount in controversy" because "[t]he circuit court is the trial court of general jurisdiction in this state and is better equipped to adjudicate class actions than is the district court").

Nevada, unlike other jurisdictions, recognizes that justice courts have the ability to hear class actions. *See* JCRCP 23. Accordingly, because class action members with small claims still have a forum to litigate, we distinguish our state from other jurisdictions and decline to aggregate individual class member claims to determine the amount necessary for the district court to establish subject matter jurisdiction. Therefore, we conclude that the district court did not err by rejecting this claim.

*The district court erred in precluding appellant from combining her claim for statutory damages with the deficiency amount demanded by respondent to determine subject matter jurisdiction*

Appellant argues that the district court erred by not combining the amount she sought for statutory damages with the deficiency amount she sought to prohibit respondent from collecting. Conversely, respondent argues that appellant may not recover for damages *and* a claim for a release of the deficiency. Respondent further argues that the deficiency is an anticipated counterclaim appellant is prohibited from combining with her claim for statutory damages. We agree with appellant.

Appellant sought statutory relief under NRS 104.9625(3)(b), which states as follows:

> If the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price.

Accordingly, appellant could potentially recover $6,330.28 or $6,140.59, respectively. Appellant combined her higher statutory claim for $6,330.28 with the deficiency amount of $6,841.55 demanded by respondent to assert that the amount in controversy was $13,171.83. The district court determined that NRS 104.9625(4) precluded appellant from adding the statutory damages she sought with the deficiency amount respondent claimed.

NRS 104.9625(4) states in part that "a debtor or secondary obligor whose deficiency is eliminated or reduced under [NRS 104.9626] may not otherwise recover under [NRS 104.9625(2)]." Notably, NRS 104.9626 does not apply to consumer transactions. *See* NRS 104.9626(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

In this case concerning consumer transactions, appellant never sought recovery under NRS 104.9625(2); rather, appellant sought recovery under NRS 104.9625(3). Therefore, the district court erred in determining that appellant could not seek elimination of the deficiency and statutory damages. Accordingly, appellant could combine her higher statutory claim with the deficiency amount asserted to determine the jurisdictional amount. Moreover, irrespective of whether the monetary threshold was met to establish jurisdiction with the district court, the court independently acquired jurisdiction due to appellant's request for injunctive relief.

*The district court erred in declining to assert original jurisdiction on the basis that appellant sought injunctive relief*

Appellant argues that regardless of whether her alleged monetary damages exceeded $10,000, because she requested injunctive relief in her complaint, the district court erred in not asserting original jurisdiction. Conversely, respondent argues that appellant's claim for injunctive relief was improper. We agree with appellant.

In her complaint, appellant asserted that "[she] and the class members will suffer irreparable injury if [respondent] is not enjoined from the future wrongful collection and reporting of adverse information to the [consumer reporting agencies, i.e., Equifax, Experian, and TransUnion]." Thus, appellant sought injunctive relief to prevent respondent from collecting any deficiency and she also sought to expunge any adverse credit information that may have been wrongfully reported.

"The district court possesses original jurisdiction . . . over claims for injunctive relief." *Edwards*, 122 Nev. at 324, 130 P.3d at 1284. When monetary damages *and* injunctive relief are sought, "the district court has jurisdiction over all portions of the complaint, even if the damages sought fail to meet the district court's monetary jurisdictional threshold."

SUPREME COURT
OF
NEVADA

(O) 1947A

*Id.* at 321, 130 P.3d at 1282. An injunction is appropriate when monetary damages are inadequate. *See Czipott v. Fleigh*, 87 Nev. 496, 499, 489 P.2d 681, 683 (1971). However, "injunctive relief is not available in the absence of actual or threatened injury, loss or damage." *Berryman v. Int'l Bhd. of Elec. Workers*, 82 Nev. 277, 280, 416 P.2d 387, 388 (1966). "There should exist the reasonable probability that real injury will occur if the injunction does not issue." *Id.* at 280, 416 P.2d at 389.

In appellant's amended complaint, she sought an injunction based on the following allegations:

> Since the repossession of the vehicles of [appellant] and the class members, [respondent] has wrongfully collected and/or reported credit information to the [consumer reporting agencies] with respect to the consumer reports of [appellant] and the class members.
>
> . . . .
>
> [Appellant] and the class members will suffer irreparable injury if [respondent] is not enjoined from the future wrongful collection and reporting of adverse information to the [consumer reporting agencies].

Because we must accept all factual allegations in the complaint as true and construe all inferences in the complainant's favor, *Edwards*, 122 Nev. at 323, 130 P.3d at 1284, appellant alleged actual and threatened injury. Therefore, in light of pleading injunctive relief, we conclude that the district court erred in granting respondent's motion to dismiss based on lack of subject matter jurisdiction. Accordingly, we reverse the district court's

SUPREME COURT
OF
NEVADA

(O) 1947A

order and remand this matter to the district court for further proceedings consistent with this opinion.

_____ , C.J.
Douglas

We concur:

_____ , J.
Gibbons

_____ , J.
Pickering